**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARL L. POLHAMUS,**

                **Plaintiff,**           6:12-cv-192
                                                                    (GLS)

        v.

**MICHAEL J. ASTRUE,**
as Commissioner of the Social
Security Administration,

                **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter W. Antonowicz        PETER W. ANTONOWICZ, ESQ.
148 West Dominick Street
Rome, NY 13440

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN      TOMASINA DIGRIGOLI
United States Attorney                    Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

Steven P. Conte
Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. **Introduction**

Plaintiff Carl L. Polhamus challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and seeks judicial review under 42 U.S.C. § 405(g). (*See* Compl., Dkt. No. 1.) After reviewing the administrative record and carefully considering Polhamus's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. **Background**

On February 9, 2010, Polhamus filed an application for DIB under the Social Security Act ("the Act"), alleging disability since January 1, 2004. (*See* Tr.[1] at 59, 85-90.) After his application was denied, Polhamus requested a hearing before an Administrative Law Judge (ALJ), which was held on October 28, 2010. (*See id.* at 27-58, 60-64.) On June 24, 2011, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review. (*See id.* at 1-4, 15-26.)

Polhamus commenced the present action by filing a Complaint on

---

[1] Page references preceded by "Tr." are to the Administrative Transcript. (*See* Dkt. No. 10.)

January 27, 2012, wherein he sought review of the Commissioner's determination.  (*See* Compl. ¶¶ 1-10.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 8, 10.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 13, 16.)

### III.  Contentions

Polhamus contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.[2]  (*See generally* Dkt. No. 13.)  Specifically, Polhamus claims the ALJ: (1) erred in finding that he knowingly and voluntarily waived his right to legal representation; (2) failed to fully develop the record; and (3) rendered an inaccurate residual functional capacity (RFC) determination.  (*See id.* at 7-19.)  The Commissioner counters that the ALJ's decision was legally sound and supported by substantial evidence.  (*See generally* Dkt. No. 16.)

### IV.  Facts

---

[2]  "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citations omitted).

3

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 13 at 3-4; Dkt. No. 16 at 2-8.)

## V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI. Discussion

### A. Waiver of Representation

Polhamus first avers that the ALJ erred in finding that he knowingly and voluntarily waived his right to legal representation. (*See* Dkt. No. 13 at 7-11.) The court disagrees.

Although a claimant does not have a constitutional right to counsel at a social security disability hearing, the claimant "does have a statutory and regulatory right to be represented should []he choose to obtain counsel." *Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009). "If

4

properly informed of this right, a claimant may waive it." *Id.* Relevantly, when notifying a claimant of an adverse determination, the Commissioner must "notify [the] claimant in writing" of (1) his "options for obtaining attorneys to represent" him at his hearing, and (2) "the availability to qualifying claimants of legal services organizations which provide legal services free of charge." 42 U.S.C. § 406(c); *see Lamay*, 562 F.3d at 507. Additionally, at the hearing itself, "the ALJ must ensure that the claimant is aware of [his] right [to counsel]." *Lamay*, 562 F.3d at 507 (internal quotation marks and citation omitted).

Here, Polhamus was informed of his right, in writing, before the hearing, (*see* Tr. at 75, 80-81), and again at the hearing, (*see id.* at 29). After the ALJ explained his right to him and offered to adjourn until representation could be obtained, Polhamus stated that he wanted to proceed. (*See id.*) Although he now claims otherwise, (*see* Dkt. No. 13 at 8-11), Polhamus admitted that he can read, write and understand English, (*see* Tr. at 99). His testimony at the hearing only confirms his abilities. (*See id.* at 31-51). As such, the court concludes that Polhamus was aware of his right to representation, and made a voluntary choice to forego it.

**B.    Duty to Develop the Record**

5

Polhamus argues next that the ALJ did not adequately develop the record with respect to his mental impairment. (*See* Dkt. No. 13 at 12-16.) The Commissioner counters that the ALJ fulfilled his duty because, among other things, he possessed sufficient records from the applicable time period to render a decision. (*See* Dkt. No. 16 at 12-14.) Again, the court agrees with the Commissioner.

While the ALJ has an affirmative obligation to develop the administrative record, his duty to do so is not without limit. *See Guile v. Barnhart*, No. 5:07-cv-259, 2010 WL 2516586, at *3 (N.D.N.Y. June 14, 2010); *see also* 20 C.F.R. § 404.1512(d) (stating that generally, a complete record contains a "medical history for at least the [twelve] months preceding the month in which" the claimant files her application). Indeed, if all of the evidence received is consistent and sufficient to determine whether a claimant is disabled, further development of the record is unnecessary, and the ALJ may make his determination based upon that evidence. *See* 20 C.F.R. § 404.1520b(a). Consistent with that notion, where there are no "obvious gaps" in the record, the ALJ is not required to seek additional information. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

Here, Polhamus takes exception with the lack of evidence regarding his mental impairment. (*See* Dkt. No. 13 at 12-16.) However, Polhamus did not begin suffering from bipolar disorder until two months before the hearing, well after "the date last insured." (*See* Tr. at 15, 18, 49-51; Dkt. No. 16 at 12.) In fact, when he filed his application, Polhamus made no mention of mental impairments. (*See* Tr. at 100.) Still, the ALJ questioned Polhamus about his mental condition, (*see id.* at 49-51), and considered the relevant treatment records that addressed Polhamus's previous complaints of anxiety and depression, (*see, e.g.*, *id.* at 18). Though he occasionally received medication from his primary care provider based on his complaints of anxiety and depression, (*see id.* at 227-30, 241, 256), there is no evidence that Polhamus sought additional treatment for either condition. Thus, the only pertinent records of a mental impairment came from Polhamus's primary care physician, which the ALJ explicitly cited in his decision.[3] (*See id.* at 18.) Based on this evidence, which contains no

---

[3] Notably, Polhamus was only able to recount one specific instance where his mental impairment affected his activities of daily living—*i.e.*, when he forgot to go to the gym. (*See* Tr. at 50.) However, it appears from his testimony that the onset of the difficulties he testified about—namely the inability to concentrate and problems interacting with his wife—began when he was diagnosed with bipolar disorder, which again, occurred outside of the relevant period. (*See* Tr. at 18, 49-51.)

7

obvious gaps or inconsistencies, the court concludes that the ALJ's development of the record was sufficient to render a disability determination.  *See Rosa*, 168 F.3d at 79 n.5.  Polhamus's argument to the contrary is rejected.

## C. RFC Determination

Polhamus's final argument regarding the ALJ's RFC[4] assessment is also without merit because it assumes the existence of mental impairments.  (*See* Dkt. No. 13 at 16-19.)  However, because the court has already found that ALJ's assessment of Polhamus's mental impairments, or the lack thereof, was legally sound, (*see* Tr. at 18; *see also* Dkt. No. 16 at 14-20), it suffices to say that Polhamus's argument is untenable.[5]  As such, the ALJ's RFC assessment is affirmed.  (*See id.* at 19-21.)

## D. Remaining Findings and Conclusions

---

[4] A claimant's RFC "is the most [he] can still do despite [his] limitations." 20 C.F.R. § 404.1545(a)(1).  In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain.  *Id.* § 404.1545(a)(3).  An ALJ's RFC determination must be supported by substantial evidence in the record.  *See* 42 U.S.C. § 405(g).  If it is, that determination is conclusive and must be affirmed upon judicial review.  *See id.*; *Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

[5] Notably, Polhamus does not contest the ALJ's assessment of his physical impairments.  (*See generally* Dkt. No. 13.)

8

After careful review of the record, the court affirms the remainder of the ALJ's decision as it is supported by substantial evidence.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Polhamus's Complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 1, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court